OPINION
{¶ 1} On May 18, 2001, the Newark Police Department's Special Operations Group executed a search warrant on an apartment located on Spring Street. Prior to execution, the officers conducted surveillance of the apartment complex for approximately forty-five minutes. Appellant, Irvin Burt, Jr., was observed outside the building. Appellant was a target of the search warrant. As officers approached and identified themselves, appellant ran away. A chase ensued. Baggies containing crack cocaine were found near the area of appellant's arrest.
 {¶ 2} On May 24, 2001, the Licking County Grand Jury indicted appellant on one count of possession of 27.01 grams of crack cocaine in violation of R.C. 2925.11. A jury trial commenced on October 5, 2004. The jury found appellant guilty of possessing more than 25 grams of crack cocaine. By judgment entry filed October 7, 2004, the trial court sentenced appellant to five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in failing to declare a mistrial after improper questioning of appellant Irvin Burt, Jr. (Burt) by the prosecutor."
 II {¶ 5} "Burt's conviction for possession of more than 25 grams of crack was against the manifest weight of the evidence."
 I {¶ 6} Appellant claims the trial court erred in failing to grant a mistrial after improper questioning of appellant by the prosecutor. Appellant claims the elicited testimony constituted prosecutorial misconduct that prejudiced his right to a fair trial. We disagree.
 {¶ 7} The grant or denial of a mistrial rests in the sound discretion of the trial court. State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168.
 {¶ 9} The complained of questioning was as follows:
 {¶ 10} "Q. Okay. On August 9th, 2001, weren't you originally scheduled to change your plea and go to a sentencing hearing —
 {¶ 11} "A. Yes, I was.
 {¶ 12} "Q. — and you did not show up for that.
 {¶ 13} "A. Pardon me?
 {¶ 14} "Q. Apparently you failed to appear." T. at 187.
 {¶ 15} Appellee, the state of Ohio, concedes the reference to appellant's failure to appear at a change of plea hearing was error, but claims it was inadvertently made by an inexperienced prosecutor. Appellee's Brief at 7. Appellee explained "the line of questioning was a rather flawed attempt to explain the delay of the appellant's prosecution by pointing out that he had been hiding from the authorities for almost three years." Id.
 {¶ 16} We fail to see how this questioning would have led to evidence about appellant's apparent flight. We concur with the trial court that it was a veiled reference that may have gone unnoticed by the jury. T. at 197-198. Also, appellant testified to a prior conviction for possession of cocaine when he was seventeen, and "another conviction for using cocaine at the same time this offense occurred." T. at 173. Therefore, the reference could have been construed to refer to his previous convictions and not the present charge as the reference did not identify what charge the change of plea involved.
 {¶ 17} Although an objection was timely raised, defense counsel did not request a curative instruction until after another witness had testified. T. at 197.
 {¶ 18} In order to determine what impact this change of plea reference had on the outcome of the trial, we must examine all of the evidence presented.
 {¶ 19} It was appellant's defense that although he had a minimum amount of crack cocaine on his person, the baggies full of crack cocaine found in the immediate area of his arrest were not his. T. at 70.
 {¶ 20} The evidence established appellant immediately took off running when confronted by police officers. T. at 75. During the chase, appellant brought something out of his pocket and threw it. T. at 75, 78. Later, a full pack of cigarettes was found "in the area where I saw him extend his hand and throw." T. at 78. Baggies of crack cocaine were discovered near the area of appellant's arrest. T. at 93-94, 116-118, 139. Upon questioning by police, appellant admitted to bringing drugs (two baggies of cocaine) from Columbus for another, and the drugs found on his person were his cut of the drugs. T. at 135, 145.
 {¶ 21} Upon review, we find no substantive prejudice to appellant from the prosecutor's questions regarding a prior court appearance.
 {¶ 22} Assignment of Error I is denied.
 II {¶ 23} Appellant claims the jury verdict was against the manifest weight of the evidence. We disagree.
 {¶ 24} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. {¶25} Appellant was the sole person observed outside the apartment complex. T. at 90. Appellant testified he was inside the target residence for three to four minutes to retrieve his jacket which he had left. T. at 174-175. Upon exiting the apartment, appellant proceeded to the parking lot whereupon officers pulled up in a vehicle. T. at 175-176. Appellant thought the vehicle contained individuals that "were out to get me." T. at 176. Appellant started to run and the officers gave chase. T. at 177. Officers momentarily lost sight of appellant as he rounded a corner. T. at 75-76. The two baggies of cocaine which are the subject of this offense were found in the immediate vicinity of appellant's stop near a denim jacket. T. at 93-94, 116-118, 139.
 {¶ 26} Although the weather was humid and moist, there was no moisture on the two baggies of cocaine. T. at 118-119, 139.
 {¶ 27} During questioning, appellant admitted that he had brought the two baggies of cocaine from Columbus for another drug dealer, and the crack found in his pocket was his payment. T. at 145. Appellant also admitted he would do "whatever there is to help me and my situation." T. at 149. Appellant testified that although he made these statements, they were lies and he made the statements to get help for drug treatment. T. at 181-182.
 {¶ 28} Upon review, we find sufficient credible circumstantial evidence, coupled with appellant's admissions, if believed by the jury, to be sufficient to establish proof beyond a reasonable doubt for the offense of possession of more than 25 grams of crack cocaine.
 {¶ 29} Assignment of Error II is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.